**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY LOREN PERKINS,

Plaintiff - Appellant,

v.

JOHN MATTHEWS and W. PREWETT,

Defendants - Appellees.

No. 13-17064

D.C. No. 1:10-cv-01611-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted June 25, 2014[***]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

California state prisoner Anthony Loren Perkins appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Perkins consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment violations in connection with a nine-day delay in receiving dental surgery. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Perkins's action because Perkins failed to allege facts showing that defendants knew of and disregarded an excessive risk of harm to his health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard, and is met only if the prison official knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

To the extent that Perkins alleges that defendant Matthews improperly determined that the inmate appeal did not meet the criteria for an emergency

appeal, he fails to state a claim because prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

**AFFIRMED**.